UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ORIGINAL

Bernice Forrester

Trial by Jury Demanded.

COMPLAINT

CV 12- 363

NAME OF PLAINTIFF(S)

v.

Prison Health Services

American Service Group

Corizon

NAME OF DEFENDANT(S)

RECEIVED
JAN 24 2012
PRO SE OFFICE

GARAUFIS, J.

BLOOM, M.J.

This action is brought for discrimination in employment pursuant to (check only those that apply):

_____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin).
**NOTE:** *In order to bring a suit in federal district court under Title VII, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

✓   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring a suit in federal district court under the Age Discrimination in Employment Act, you must first file charges with the Equal Employment Opportunity Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No. 102-166).
**NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a right to sue letter from the Equal Employment Opportunity Commission.*

-1-

Jurisdiction is specifically conferred upon this United States District Court by the aformentioned statutes, as well as 28 U.S.C. §§ 1331, 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983 and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

1. Plaintiff resides at:

   6 Anne Lane, Central Islip
   Street Address

   Suffolk, NY, 11722, 631-761-1878
   County  State  Zip Code  Telephone Number

2. Defendant(s) resides at, or its business is located at:

   49-04 19th Avenue, Astoria
   Street Address

   Queens, NY, NY, 11105
   County  City  State  Zip Code

3. The address at which I sought employment or was employed by the defendant(s) is:

   16-00 Hazen Street
   Street Address

   Queens, East Elmhurst, NY, 11105
   County  City  State  Zip Code

-2-

4. The discriminatory conduct of which I complain in this action includes (check only those that apply).

____ Failure to hire.

✓ Termination of my employment.

____ Failure to promote.

✓ Failure to accommodate my disability.

✓ Unequal terms and conditions of my employment.

✓ Retaliation

✓ Other acts (specify): Age Discrimination

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

5. It is my best recollection that the alleged discriminatory acts occurred on:
9/30/11, 5/9/11, 3/18/11, 10/15/2010.
Date(s)

6. I believe that the defendant(s) (check one)

____ is still committing these acts against me.

✓ is not still committing these acts against me.

7. Defendant(s) discriminated against me based on my:
(check only those that apply and state the basis for discrimination, for example, what is your religion, if religious discrimination is alleged)

[ ] race _____   [ ] color _____

[ ] gender/sex _____   [ ] religion _____

[ ] national origin _____

[✓] age 50    My date of birth is: 8/24/61
                                    Date

[~~✓~~] disability _____

*NOTE: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court.*

-3-

8.  The facts of my case are as follows:

In October 2010 I was terminated. I was informed my position was Eliminated and my services no longer required. I met with the VP mr Doherty who Re-instated me. I had requested to be placed in another facility and explained that I felt as I was being targeted but he choose to leave me at this facility. 6 months after being Re-Instated I received a sub-par evaluation* (my 1st one). This evaluation was used as a basis to Demote me in May of 2011. In error (of). In Sept of 2011 I was suspended pending investigation an Terminated in October 2011

(Attach additional sheets as necessary)

* for 2010

Note:    As additional support for your claim, you may attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights, or the New York City Commission on Human Rights.

9.  It is my best recollection that I filed a charge with the New York State Division of Human Rights or the New York City Commission on Human Rights regarding defendant's alleged discriminatory conduct on: _____
                                                                                Date

10. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct on: 10/24/11
                                                                                Date

-4-

**Only litigants alleging age discrimination must answer Question #11.**

11. Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct (check one),

    ___✓___ 60 days or more have elapsed.

    _____ less than 60 days have elapsed.

12. The Equal Employment Opportunity Commission (check one):

    _____ has <u>not</u> issued a Right to Sue letter.

    ___✓___ <u>has</u> issued a Right to Sue letter, which I received on __10/26/11__.
                                                   Date

**NOTE:** Attach a copy of the Right to Sue Letter from the Equal Employment Opportunity Commission to this complaint.

      WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

_[signature]_
PLAINTIFF'S SIGNATURE

Dated: __1/24/12__

__6 Anne Lane__
Address
__Central Islip NY 11722__
__631-761-1878__
Phone Number

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Bernice Forrester
6 Anne Ln
Central Islip, NY 11722

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2011-93122 | Ashraf Ahmed, Investigator | (212) 336-3781 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin Berry_   10/24/11
Kevin J. Berry,   (Date Mailed)
District Director

Enclosures(s)

cc: Director
Human Resources
PHS MEDICAL SERVICES, PC
49-04 19th Avenue
Astoria, NY 11105

**From:** Bernice Forrester <bforreest@aol.com>
**To:** eileen.mcnerney <eileen.mcnerney@corizonnyc.com>; jerome.donahue <jerome.donahue@corizonnyc.com>; donald.doherty <donald.doherty@corizonnyc.com>
**Subject:** Fwd: Termination
**Date:** Fri, Nov 4, 2011 3:17 pm

-----Original Message-----
From: Bernice Forrester <bforreest@aol.com>
To: scott.king <scott.king@corizonhealth.com>; dennis.wade <dennis.wade@corizonhealth.com>; ray.langham <ray.langham@corizonhealth.com>
Cc: eileen.mcnerney <eileen.mcnerney@corizonnyc.com>; donald.doherty <donald.doherty@corizonnyc.com>; jerome.donahue <jerome.donahue@corizonnyc.com>
Sent: Fri, Nov 4, 2011 12:07 pm
Subject: Fwd: Termination

> -----Original Message-----
> From: Bernice Forrester <bforreest@aol.com>
> To: eileen.mcnerney <eileen.mcnerney@corizonnyc.com>; jerome.donahue <jerome.donahue@corizonnyc.com>; donald.doherty <donald.doherty@corizonnyc.com>
> Sent: Tue, Nov 1, 2011 8:52 pm
> Subject: Termination

I am in receipt of your letter dated October 27, 2011. I have noted many inconsistencies in this letter and blatant misrepresentations of the conversation that occurred during our meeting on September 30th:

1) At no time did I state I knowingly sent emails to my home account other than those targeting me, please see below.
2) During this meeting I told you I was unaware they contained information regarding gang affiliations, as a matter of fact Mr. Doherty had to make me aware that this information was on these lists.
3) I stated that the information on this list could be obtained via the Internet and off the DOC website, I further stated that these printouts lay all over OBCC and are also unsecured during the weekend. They are placed in a hotfile on the outside of Mr. Huffsteads door.
4) I mentioned there is no confidential medical information on these sheets. They are just used as a checklist to ensure all patients are addressed during Bing rounds.
5) These sheets are scanned daily and emailed from DOC and Coriizon and can be obtained via the Iphone at any given time and at any given place that the person with the Iphone may be.
6) I stated that employees were able to access their email from home until recently and several employees still have that access.
7) I also stated that I was aware that the email system is continually monitored so why would I allegadely break policy after all these years?

I would also like to make the following statements:

1) All of these emails were sent during a 4 minute period on September 20th, I am not convinced I am the one who sent these emails as I have no recollection of doing so.
2) None of these emails contained patient information. The two that were not part of the Bing lists were emails forwarded to me from Ms. Williams regarding purchase orders for items that would be visible by all the other patients and DOC within the dorms. (ie One of the emails was an order for an oxygen tank. Obviously, if a patient is receiving oxygen and walking around with a tank anyone can see the oxygen tank. Thus, this could not be a HIPPA violation.)

I would like to reiterate, this termination is in direct retaliation to my request for reasonable accommodations and secondary to my FMLA/ADA status. I have been singled out regarding my arrival times even though other colleagues in various titles were afforded the privledge of flexing their time. I have been harassed constantly during staff meetings to the point where my colleagues had come to my defense. On one occasion DOHMH stepped in stop the berating I was receiving. It seemed that whatever facility I was assigned to I was

informed the spotlight was on that facility, It can only be inferred that the spotlight was on me. Should I have assumed this spotlight was actually a bullseye?

I have always been a productive member of the company and society, but at every recent meeting (1st termination meeting and demotion meeting) it was suggested that I should either go on disability or allow my family to take care of me. This is blatant bias, harassment and absolutely unacceptable. These practies of upper managment are in direct opposition to the spirit and intent of the Americans with Disabilies Act. There is a common perception across the island that it is a PHS trend for management to conspire to eliminate positions, demote and/or terminate employees who have FMLA/ADA. This seems to be accomplished by virtue of relegating previously above average employees to sub par status on their employee evaluations. In some cases positions mysteriously are eliminated, the individual is terminated, and then the position reappear a week or so later usually to be filled by much younger individuals who are friends and or family of upper management.

Finally please use this email to affirm the emails you stated were sent to my home email address have been deleted. I had been deleting my emails on a regular basis while I was awaiting an answer to the reason for my suspension. If these emails were sent to my home, they had been deleted long before your request to do so.

Bernice Forrester

cc: Equal Employment Opportunity Commission
    NYS Department of Labor via mail



-----Original Message-----
From: Bernice Forrester <bforreest@aol.com>
To: eileen.mcnerney <eileen.mcnerney@corizonnyc.com>; jerome.donahue <jerome.donahue@corizonnyc.com>; donald.doherty <donald.doherty@corizonnyc.com>
Sent: Mon, Oct 24, 2011 7:49 pm
Subject: investigation

At the present time I have been on suspension pending investigation for more than 4 weeks. I met with Ms. McNerney and Mr. Doherty on September 30th to review emails sent from my job email address to my home email address. I stated at this meeting I had no recollection of me personally sending these emails to my home address and further stated that on the day in question I was attempting to hastily send emails to my immediate supervisor. It is possible that given the stress I have been under, that these emails were unintentional sent to my home computer, which I stated at our meeting, Never the less these emails were never shared with anyone. I would have no reason to do so. It should be noted that from the time of my suspension to the date of this meeting I had no knowledge as to what I was being investigated for.

I acknowledged at this meeting that I do send home emails that pertain to me personally because I feel as if I am being targeted based upon my being fired in October 2010 and demoted in April 2011. I have sent emails to PHS as it is my belief that the personal actions against me were based upon my FMLA status and requests for reasonable accommodations.

This entire process has been humiliating, debilitating and degrading. I have suffered mentally, physically, emotionally and financially during this time and believe I have done nothing wrong.

I am requesting to know the status of this investigation. I have not received any type of monetary compensation during this period and I am unable to apply for unemployment. As my health has subsequently deteriorated I am also unable to apply for disability.

I look forward to your timely response.

Thank you,

Bernice Forrester

Time Line

October 15 2010.

I was in my office and the Director of H.R and Employee Relations Person entered my office to Inform me my position has been eliminated and my services no longer Required. One hour before this meeting Mr. Ruel Huffsted had Been promoted to An HSA position in another building. Three weeks before that mr. Nareesh. Ramlochan (9/24/10) had Also been promoted. Both of these gentlemen are/were in their late 20's early 30's. I questioned if I could "Bump" Ruel since I had been on the island for 23 years or Nareesh since Ruel had just been promoted and only on the island for 4 yrs and Nareesh was newly promoted and had only been on the Island for a few months. I also asked - So I am to understand that No one will be functioning in my position or doing my Duties, And finally I asked - since I am loosing my job due to no fault of my own what type of severance package was I being offered - All of these questions were Answered by I don't know I was told to come over here and inform

you your position is being eliminated and your services no longer Required. I called Mr Yussuff and when I possed these same questions to him was Responded to in an escalating tone the same answer your position is being Eliminated etc. Later that evening I call Don Doherty Regional VP who Asked to meet with me.

During this meeting I was asked what I wanted- He suggested an On Island 4x12 position but I explained to him that I felt that Mr Yussuff had targeted me because of my FMLA and if I accepted the On Island position- I would have more one on one dealing with Mr Yussuff and my office would be two doors away. I asked to be returned to my prior facility (Nareesh had been there for a month) or even RMSC. I wanted my job back. He stated he could not return me to Any of my prior facilities but would return me to NIC. He explaned that that position would eventually be converted to a Chnical Position but I would then be moved to a comprable position

MARCH 2011 - my 2010 evaluation - was provided to me.

May 2011 - I was informed that I was being demoted to an AA or I could take 6 weeks severance pay and leave. At the meeting I was told this was due to the poor performance of my doctors - clinical practice. - I stated that I am not clinical but since I started in NIC we had been requesting doctors be moved out of NIC. I was then advised that there were issues of the Documentation of the wound care. I stated that I could not question a doctors clinical practice - that is why we have a site Medical Director even though I had been requesting changes and as far as wound care that was the responsibility of the site Nursing Director. Finally I was informed that the conditions of the clinic in the main building were bad. I stated that both my DON (Nursing Director) and site medical Director were in that clinic last week and neither stated any issues with the Clinic

*After the meeting

I then asked the PA who works daily in that clinic was there any issues with the clinic and he informed me no.

September 20th

The Employee Relations manager and my immediate supervisor @ 330-345 presented themselves at my door. The Employee Relations manager stated your being suspended - I asked for what - She stated pending investigation - I asked of what - She repeated pending investigation. I asked can I have this in writing and she stated no and Don't ask me any more questions.

I believe that PHS is on a mission to not only Remove older employees and replacing them but is also trying to remove employees who have been granted FMLA -

① Kira Johnson - AA - FMLA - Position eliminated (Per PHS)
　　　　Replaced by male around 30
② Jorge Pedrosa - HSA - Fired - had FMLA
　　　　Replaced by 29 yr old male

3) Tony Reid - FMLA out having surgery - Fired.
4) Pat Jones - Unit Chief - FMLA -
   Recently Advised her position is being Restructed And she can accept a Demotion.

I Am sure there are others I am not Aware of

Also when I was Demoted - The
   Don - was supplied An assistant
   SMD - supplied An assistant
   HSA - was being Covered by 2 Individuals

The only two staff members demoted were the two that had FMLA.